MARÍA HILDA DÍAZ, Plaintiff and Appellee, *v.* LUIS RIVERA SOTO, Defendant and Appellant.

No. AP-66-19.     Decided October 27, 1967.

*Carlos J. Irizarry Yunqué* for appellant. *Edna Abruña Rodríguez, E. Armstrong Watlington,* and *Enrique Miranda Merced* for appellee.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On April 26, 1960, the Ponce Part of the Superior Court of Puerto Rico rendered judgment decreeing the divorce between plaintiff, María Hilda Díaz, and defendant, Luis

Rivera Soto. As to the child born during marriage the judgment provided:

"It is provided that the minor daughter born during marriage remain under the custody of plaintiff, the defendant being bound to give said minor a reasonable amount for support, just as he has been doing hitherto."

More than five years later, that is, on December 21, 1965, the trial court rendered the following

## "Order

"The above-mentioned defendant is summoned to appear in this court, without excuse or pretext of any kind, under penalty of contempt, on December 28, 1965, at 8:30 in the morning, to show cause, if any, why he should not be guilty of contempt for not complying with the allowance for support fixed for his minor daughter."

The appearance of the defendant was postponed to January 13, 1966, on which date he appeared and alleged that no specific amount of support had been fixed, and since he had paid them he had not committed contempt, and requested that an amount for support be fixed. The hearing of the incident was postponed and it was held on January 17 of the same year.

On February 9, 1966, the court entered an order which in its dispositive part reads:

"The evidence presented by the parties reveals that Luis Rivera Soto has not been complying regularly with the obligation imposed on him by the Court in the aforementioned judgment of paying a reasonable amount for support. According to Rivera Soto, he originally provided groceries in the amount of $28 weekly[1] for his daughter's support, and on May 22, 1963, Mrs. Díaz Vélez asked him to provide her the money instead of the groceries.

"On the other hand, she alleges that Rivera Soto stopped purchasing the groceries as soon as the divorce was decreed,

---

[1] It should read "monthly."

and subsequently he has not contributed regularly, according to his obligation. Once, when the child became ill, he gave her $12 and brought her three envelopes which contained $5.

"The court believes, in the light of the statements of the parties themselves, that $5 weekly is a reasonable amount for the support that Rivera was bound to contribute.

"The amount for support shall be proportioned to the resources of the person giving such support and to the necessities of the party receiving it. (31 L.P.R.A. § 565.)

"The court estimates that the amount of support owed is $493. Consequently, he is found guilty of contempt and is sentenced to 10 days in jail. This judgment will not be enforced if Rivera Soto pays the amount owed ($493) at the rate of $12 monthly, which he will deposit in the office of the Secretary, within the first five days of each month.

"The obligation of giving the amount of $5 weekly for the support of his daughter, Hilda Juanita Rivera Díaz, is also imposed on him."

In this appeal the trial court is charged with committing an error "in judging and convicting defendant-appellant of the supposed offense of contempt, departing from the legal proceedings, without there being grounds for a proceeding of contempt."

We agree that in this case there was no ground for prosecuting appellant for contempt.

Section 107 of the Civil Code (31 L.P.R.A. § 383) provides the following, among other things:

"When rendering judgment in cases of divorce, the judge shall provide as may be pertinent for the support of the minor children."

In trying to comply with this legal provision, the trial court did so in a vague and inaccurate manner in providing that the defendant was bound to give his minor daughter "a reasonable amount for support, just as he has been doing hitherto." The record before us reveals the manner how, and to what extent, the defendant gave support to his daughter at the time of the divorce decree. The divorce

decree does not set forth the amount the defendant should give his daughter for support.

■ When and who determines the reasonable amount which should constitute the allowance for support? This question is answered by the decision itself which gives rise to this appeal. It was on the day in which the incident of contempt was being heard that the judge, after hearing the evidence presented by both parties, determined that $5 weekly was the reasonable amount which the defendant should give his daughter for support. Before that date, there was no determination whatsoever of what should be "a reasonable amount." The reasonable amount for the support having been determined on the day of the hearing of the contempt, said determination could not be made retroactive to charge the defendant with his noncompliance, and as a consequence punish him for contempt and order him to pay the allowances in arrears computed on the basis of the subsequent determination which the trial judge made. This being so, the judgment which sentenced him for contempt lacks legal basis.

■ Divorce decrees should contain clear provisions with respect to the support of minor children. The allowance for the support of the minors should be specified in the judgment, although under special circumstances, at times it could be provided that the amount be given in groceries, clothing, medicines, etc. In this way, any problem resulting therefrom could, as in this case, be overcome when the court uses its power and authority to enforce compliance with its judgment.

The judgment of the Superior Court, insofar as it sentences appellant for contempt and orders him to pay the sum of $493 in monthly allowances, should be reversed. Said judgment will be affirmed in that part which imposes on appellant the obligation of giving his minor daughter the amount of $5 weekly for support.